FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 28 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**MAURICE DOWD**                                                                          **PLAINTIFF**

vs.                      Case No. 2:17-cv-_175-BRW_

**MID-DELTA COMMUNITY SERVICES, INC.,**
**and BOBBIE SALTER**                                                 **DEFENDANTS**

## ORIGINAL COMPLAINT

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Kearney_

COMES NOW Plaintiff Maurice Dowd ("Dowd" or "Plaintiff"), by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Mid-Delta Community Services, Inc., and Bobbie Salter (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. INTRODUCTION

1.     Plaintiff bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claim under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5. This Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas, with its corporate headquarters in Helena.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8. Plaintiff was employed by Defendants at its facility located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. **THE PARTIES**

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas. He was employed by Defendants as a mechanic at Defendants' facility in Helena.

11. Within the relevant time period, Plaintiff was paid an hourly rate.

12. Plaintiff was emplyed by Defendants for approximatley 14 years before being terminated in August of 2017.

13. At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

14. Defendant Mid-Delta Community Services, Inc. ("Mid-Delta"), is a non-profit, domestic corporation, created and existing under and by virtue of the laws of the State of Arkansas, providing educational and charitable services to elderly and low-income people.

15. Defendant Mid-Delta's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

16. During each of the three years preceding the filing of this Complaint, Defendant Mid-Delta employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate

commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as food items, transport vans, computers, and office supplies.

17. Defendant Mid-Delta's principal address is 610 South Biscoe Street, Helena, Arkansas, 72342.

18. Defendant Mid-Delta's registered agent for service of process in the State of Arkansas is Bobbie Salter, 610 South Biscoe Street, Helena, Arkansas, 72342.

19. Defendant Mid-Delta was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendant Bobbie Salter ("Salter") is the Executive Director of Mid-Delta, and is an individual who resides in the State of Arkansas.

21. Defendant Salter has at all times relevant hereto controlled the day-to-day operations of Mid-Delta such that she is liable to Plaintiff as an employer under the FLSA.

22. Defendant Salter established and maintained the policies at issue in this case.

23. Defendant Salter was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

24. Mid-Delta has all times relevant hereto employed four or more individuals.

## IV. FACTUAL ALLEGATIONS

25. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

26. Within the time period relevant to this case, Plaintiff worked for Defendants as an automotive mechanic.

27. As a mechanic, Plaintiff was responsible for the maintenance and repair of Defendants' fleet of vehicles, which included both transport vans and four-door sedans.

28. Plaintiff worked more than forty (40) hours per week on a regular, typical basis while working for Defendants.

29. Plaintiff was classified as an hourly employee and paid his regular rate for all hours worked, including those hours worked in excess of forty (40) hours per week.

30. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) per week.

31. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA.

32. Plaintiff routinely used wrenches and other hand tools when repairing vehicles. Thus he used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

38. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

39. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

40. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an

award of prejudgment interest at the applicable legal rate.

## VI.  SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

41. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

43. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

44. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

45. Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA.

46. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

47. Defendants willfully failed to pay overtime wages to Plaintiff.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

49. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Maurice Dowd respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That each Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E. Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.    Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

I.    For a reasonable attorney's fee, costs, and pre-judgment interest; and

J.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF MAURICE DOWD**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com